Filing # 72256931 E-Filed 05/16/2018 04:43:54 PM

FILED

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR LEE COUNTY, FLORIDA 2018 JUN 18 AM 8:52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

JAMES WHELPLEY, individually and on
behalf of A.W., a minor,

    Plaintiff,

v.

Case No.:

2:18-CV-433-FtM-99MRM

COMENITY BANK aka COMENITY
CAPITAL BANK,

    Defendant.
_____/

## VERIFIED COMPLAINT AND REQUEST FOR JURY TRIAL

COME NOW the Plaintiffs, JAMES WHELPLEY, individually and on behalf of A.W., a minor (hereinafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, and hereby sues the Defendant, COMENITY BANK also known as COMENITY CAPITAL BANK (hereinafter referred to as "Comenity" or "Defendant") for damages and alleges in support thereof:

### JURISDICTION

1. This is an action for damages in an amount greater than $15,000.00, and for injunctive relief.

2. This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, with respect to Plaintiffs.

3. Venue is proper here because the acts and transactions occurred here and Defendant transacts business here.

- 1 -

## PARTIES

4. Plaintiff, James Whelpley (hereinafter referred to as "Mr. Whelpley"), is a natural person who resides in the Lee County, Florida. Mr. Whelpley is parent and natural guardian of A.W., a minor.

5. Plaintiff, A.W. (hereinafter referred to as "A.W."), is a natural person who resides in Lee County, Florida.

6. Defendant, Comenity Bank, also known as Comenity Capital Bank, is a national banking association operating from a primary address of 2795 East Cottonwood Parkway, Suite 100, Salt Lake City, UT 84121, and is a "creditor" as that term is defined by Fla. Stat. § 559.55(5).

## FACTUAL ALLEGATIONS

7. In or around June 2017, Mr. Whelpley incurred a debt to Defendant in connection with tuition for A.W.'s attendance at Sylvan Learning Center (hereinafter referred to as the "Debt"), which provides personal tutoring and education to children in grades K through 12.

8. Mr. Whelpley made timely payments on the Debt every month until September 2017, when Defendant offered him a temporary payment forbearance as an accommodation for the hardships created by Hurricane Irma.

9. Mr. Whelpley did not request a forbearance or any other payment accommodation from Defendant. However, when Defendant offered the temporary payment forbearance, Mr. Whelpley accepted it.

10. Mr. Whelpley was informed that the forbearance would allow him to skip the October *and* November 2017 payments on the Debt, and to resume regular monthly payments in December 2017, without incurring any penalties, and that the loan repayment term would

simply be extended to accommodate the skipped payments.

11. Defendant sent a regular monthly billing statement dated September 23, 2017, which indicated that no payment was due for the month of October. *See* **Exhibit "A"** attached hereto.

12. However, despite the forbearance, Defendant sent a billing statement dated October 24, 2017, which demanded payment due by November 19, 2017. *See* **Exhibit "B"** attached hereto.

13. Further, in November 2018, Defendant sent a billing statement dated November 23, 2017, which improperly demanded two months' worth of payments immediately, despite the forbearance. *See* **Exhibit "C"** attached hereto.

14. In October 2017, Defendant also began placing calls to Mr. Whelpley's cellular telephone in an attempt to collect the Debt. Specifically, Defendant placed the following telephone calls to Mr. Whelpley's cellular telephone:

   a. October 17, 2017 at approx. 7:47 pm

   b. October 21, 2017 at approx. 11:17 am

   c. October 22, 2017 at approx. 8:14 am

   d. November 14, 2017 at approx. 7:59 pm

   e. November 22, 2017 at approx. 2:07 pm

   f. November 29, 2017 at approx. 9:04 am

   g. November 29, 2017 at approx. 7:00 pm

   h. December 2, 2017 at approx. 8:12 am

15. Defendant's representatives always asked for A.W. when calling, and then told Mr. Whelpley that they could not discuss the Debt with him and could discuss it only with A.W.,

despite the facts that (1) the telephone number called by Defendant was Mr. Whelpley's personal cellular telephone; (2) A.W. did not sign any agreement to be responsible for the Debt, and was not otherwise legally responsible for paying the Debt; and (3) A.W. is a nine-year-old girl, which Mr. Whelpley continually conveyed to Defendant's representatives during the telephone calls.

16. Additionally, all billing correspondence from Defendant was addressed to A.W., despite the fact that A.W. did not sign any agreement to be responsible for the Debt, was not otherwise legally responsible for paying the Debt, and was, in fact, a minor.

17. During one of the above-referenced collection phone calls, Defendant's representative indicated that three months' worth of payments were due immediately on the Debt. Plaintiff disputed this, citing the forbearance, and specifically refused to charge his account. Nevertheless, Defendant's representative indicated that he would be charging Plaintiff's bank account in the amount of three payments anyway, and asserted that he could do so because Defendant had Plaintiff's bank account information on file.

18. In December 2017, due to Defendant's conduct as described above, Mr. Whelpley engaged the services of the undersigned law firm to assist him with the Debt. On behalf of Mr. Whelpley and A.W., the undersigned sent Defendant a letter of representation and formal withdrawal of express written consent dated December 14, 2017 at two different physical addresses. The letter stated that the undersigned represented the Plaintiffs with respect to the Debt, that Plaintiffs formally withdrew any perceived consent to be called on their cell phones, and that Defendant was prohibited from contacting Plaintiffs directly pursuant to various consumer protection statutes. *See* **Exhibit "D"** attached hereto.

19. Nevertheless, Defendant placed at least six (6) phone calls to Mr. Whelpley after

- 4 -

receiving the undersigned's letter of representation and withdrawal of consent. Defendant placed the following telephone calls to Mr. Whelpley's cellular telephone:

    a. December 27, 2017 at approx. 8:11 am

    b. December 27, 2017 at approx. 11:46 am

    c. December 29, 2017 at approx. 6:35 pm

    d. January 8, 2018 at approx. 6:42 pm

    e. January 8, 2018 at approx. 7:03 pm

    f. January 8, 2018 at approx. 7:32 pm

20. While some of the telephone calls placed by Defendant were made by an "unavailable" telephone number, at least one such call was placed by Defendant from (720) 728-3217. When calling this number back, an automated voice answers and says "thank you for calling Comenity" before offering an automated options menu. Additionally, there was an unusual pause on the line between the time Mr. Whelpley answered the calls from Defendant and the time Defendant's representative spoke, indicative of an automated system connecting an answered call to one of Defendant's representative. Thus, upon information and belief, Defendant was using an automated telephone dialing system within the definition of the TCPA to call Mr. Whelpley.

21. At no point did Plaintiffs provide Defendant with any consent to be called using an automated telephone dialing system, and any perceived consent was clearly and unequivocally withdrawn by the letter from Plaintiffs' counsel dated December 14, 2017. *See* Exhibit "D".

22. The above-detailed conduct by Defendant, taken in an attempt to collect the Debt, violated the FCCPA and the TCPA.

23. Plaintiffs have been severely agitated, annoyed, traumatized, humiliated, embarrassed, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
## Fla. Stat. § 559.72(7)

24. Plaintiffs incorporate by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant constitute violations of the Florida Consumer Collection Practices Act.

26. Under the provisions of Fla. Stat. § 559.72(7), Defendant was and is prohibited from willfully engaging in any conduct that can reasonably be expected to harass or abuse the debtor or any member of the debtor's family.

27. Defendant violated Fla. Stat. § 559.72(7) by calling A.W., a minor, in an attempt to collect the Debt, which conduct could reasonably be expected to harass or abuse both Mr. Whelpley and A.W.

28. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

29. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from Defendant.

30. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well

as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs hereby reserve the right to amend this Complaint to include a demand for punitive damages.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(9)

31. Plaintiffs incorporate by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

32. The foregoing acts and omissions of Defendant constitute violations of the Florida Consumer Collection Practices Act.

33. Under the provisions of Fla. Stat. § 559.72(9), Defendant was and is prohibited from asserting a legal right known not to exist in connection with the collection of a debt.

34. Defendant violated Fla. Stat. § 559.72(9) by asserting a legal right to charge Mr. Whelpley for three months' worth of payments in November 2017, when Defendant knew that (1) it had no right to do so because of the forbearance, and (2) it did not have permission to do so.

35. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

36. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from Defendant.

37. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs

-7-

hereby reserve the right to amend this Complaint to include a demand for punitive damages.

## COUNT III
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### Fla. Stat. § 559.72(18)

38. Plaintiffs incorporate by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

39. The foregoing acts and omissions of Defendant constitute violations of the Florida Consumer Collection Practices Act.

40. Under the provisions of Fla. Stat. § 559.72(18), Defendant was and is prohibited from communicating directly with a consumer debtor when Defendant has knowledge that the debtor is represented by an attorney with respect to such debt.

41. Defendant violated Fla. Stat. § 559.72(18) by communicating directly with Plaintiffs in an attempt to collect the Debt after having received the letters of representation, which expressly and unequivocally informed Defendant that Mr. Whelpley and A.W. were represented by counsel with respect to the Debt.

42. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

43. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from Defendant.

44. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well

as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs hereby reserve the right to amend this Complaint to include a demand for punitive damages.

## COUNT IV
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227

45. Plaintiff, Mr. Whelpley, incorporates by reference 1 – 23 of the paragraphs of this Complaint as though fully stated herein.

46. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the Telephone Consumer Protection Act.

47. Under the provisions of 47 U.S.C. § 227(b)(1)(A)(iii), Defendant was and is prohibited from using any automatic telephone dialing system to make any call to any telephone number assigned to a cellular telephone.

48. Mr. Whelpley has never given Defendant any type of consent to call his cellular telephone.

49. Before such calls were placed, the Defendant was aware of the prohibitions on making such calls pursuant to the TCPA.

50. As a direct result of Defendant's violations of the TCPA, Mr. Whelpley is entitled to actual monetary loss *or* $500.00 in damages for each violation, and reasonable costs pursuant to 47 U.S.C. § 227 from Defendant. As Defendant placed no fewer than fourteen (14) calls in violation of the TCPA, Mr. Whelpley seeks statutory damages in an amount no less than $7,000.00 for such violations.

51. Additionally, 47 U.S.C. § 227 provides that a court may award treble statutory damages to Plaintiff in the event that Defendant's violations of the TCPA are shown to have been

"willful and knowing." Mr. Whelpley submits that Defendant's violations of the TCPA were both willful and knowing, and accordingly request treble damages in an amount no less than $21,000.00.

## TRIAL BY JURY

52. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiffs, JAMES WHELPLEY, individually and on behalf of A.W., a minor, having set forth their claims for relief against the Defendant, COMENITY BANK also known as COMENITY CAPITAL BANK, respectfully pray of the Court as follows:

A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to Fla. Stat. § 559.77;

B. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to Fla. Stat. § 559.77;

C. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of attorneys' fees and costs pursuant to and Fla. Stat. § 559.77;

D. That Plaintiff, James Whelpley, has and recovers against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to 47 U.S.C. § 227;

E. That Plaintiff, James Whelpley, has and recovers against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to 47 U.S.C. § 227;

F. That Plaintiff, James Whelpley, has and recovers against the Defendant a sum to be determined by the Court in the form of reasonable costs pursuant to 47 U.S.C. § 227;

G. That the Defendant be enjoined from engaging in further improper conduct; and

H. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: <u>May 16, 2018</u>                   *Respectfully submitted,*

                                                        **THE DELLUTRI LAW GROUP, P.A.**
                                                        The Dellutri Law Group Plaza
                                                        1436 Royal Palm Square Blvd.
                                                        Fort Myers, FL 33919
                                                        (239) 939-0900
                                                        (239) 939-0588 – Fax
                                                        *Attorneys for Plaintiffs*

                                                        By:  <u>Joseph C. LoTempio</u>
                                                             Joseph C. LoTempio, Esq.
                                                             Fla. Bar No. 0086097
                                                             <u>jlotempio@dellutrilawgroup.com</u>

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF Florida )
) ss
COUNTY OF Lee )

Plaintiff, JAMES WHELPLEY, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant, cause unnecessary delay to any Defendant, or create a needless increase in the cost of litigation to any Defendant named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

_____
JAMES WHELPLEY

Subscribed and sworn to before me this 16th day of May, 2018 by JAMES WHELPLEY who:

☐ is personally known; or

☒ produced identification  FL DL                        .

_____
Notary Public

(SEAL)

KATHRYN MICHIE
Commission # FF 198362
Expires May 10, 2019
Bonded Thru Troy Fain Insurance 800-385-7019

- 12 -