UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WHELPLEY, an individual and on behalf of A.W., a minor,

    Plaintiff,

v.                        Case No: 2:18-cv-433-FtM-99MRM

COMENITY BANK,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of Plaintiff's Motion to Strike Defendant's Affirmative Defenses (Doc. #4) filed in state court on June 14, 2018. Although directed to do so, defendant has not filed a response (Doc. #12), and the time to do so has expired. For the reasons stated below, the Motion is granted with leave to amend.

**I.**

Plaintiff James Whelpley initiated this action by filing a four-count Complaint (Doc. #2) in state court before it was removed to this Court (Doc. #1) by defendant on June 18, 2018. Plaintiff alleges violations of the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. § 559.55, et seq., and Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, et seq. The allegations stem from Comenity Bank's efforts to collect a debt plaintiff

1

incurred in connection with tuition for A.W.'s attendance at Sylvan Learning Center.  (Id., ¶ 23.)  Plaintiff seeks statutory and actual damages, including mental and emotional suffering, as well as attorney's fees and costs.

Defendant filed its Answer and Affirmative Defenses (Doc. #3) on June 13, 2018 in state court, raising seven affirmative defenses which plaintiff now moves to strike.

## II.

The Federal Rules of Civil Procedure require defendants to "affirmatively state any avoidance or affirmative defense."  Fed. R. Civ. P. 8(c).  "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999). Pursuant to Rule 12(f), courts may strike "insufficient defense[s]" from a pleading upon a motion so requesting or sua sponte.  Fed. R. Civ. P. 12(f).

As this Court recently discussed in some detail, affirmative defenses must comply with two separate pleading requirements. First, the defense, as pled, must contain "some facts establishing a nexus between the elements of an affirmative defense and the allegations in the complaint," so as to provide the plaintiff fair notice of the grounds upon which the defense rests.  Daley v. Scott, No. 2:15-cv-269-FtM-29DNF, 2016 WL 3517697, at *3 (M.D. Fla. June

2

28, 2016). Boilerplate pleading – that is, merely listing the name of the affirmative defense without providing any supporting facts – is insufficient to satisfy Rule 8(c), because it does not provide notice sufficient to allow the plaintiff to rebut or properly litigate the defense.[1]  Id. (citing Grant v. Preferred Research, Inc., 885 F.2d 795, 797 (11th Cir. 1989); Hassan v. U.S. Postal Serv., 842 F.2d 260, 263 (11th Cir. 1988)).  Requiring defendants to allege some facts linking the defense to the plaintiff's claims "streamlines the pleading stage, helps the parties craft more targeted discovery requests, and reduces litigation costs."  Id. (citations omitted).

Second, a defendant must avoid pleading shotgun affirmative defenses, i.e., "affirmative defenses [that] address[] the complaint as a whole, as if each count was like every other count." Byrne v. Nezhat, 261 F.3d 1075, 1129 (11th Cir. 2001), abrogated on other grounds as recognized by, Nurse v. Sheraton Atlanta Hotel, 618 F. App'x 987, 990 (11th Cir. 2015); see also Paylor v. Hartford Fire Ins. Co., 748 F.3d 1117, 1127 (11th Cir. 2014).  Rather, each defense must address a specific count or counts in the complaint or clearly

---

[1] This pleading requirement does not "unfairly subject defendants to a significant risk of waiving viable defenses for which they do not yet have supporting facts," since courts routinely grant filing extensions and freely afford leave to amend pleadings. Daley, 2016 WL 3517697, at *3.  Often, it is even deemed sufficient "notice" to raise the affirmative defense in a dispositive motion or in the pretrial statement or order.  Id.

3

indicate that (and aver how) the defense applies to all claims. See Byrne, 261 F.3d at 1129; see also Lee v. Habashy, No. 6:09–cv–671–Orl–28GJK, 2009 WL 3490858, at *4 (M.D. Fla. Oct. 27, 2009). District courts have a sua sponte obligation to identify shotgun affirmative defenses and strike them, with leave to replead. See Paylor, 748 F.3d at 1127; Morrison v. Executive Aircraft Refinishing, Inc., 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

### III.

**A. First Affirmative Defense (Standing)**

Defendant's first affirmative defense asserts "that Plaintiff lacks standing as he/she has suffered no injury-in-fact as a result of any act or omission by Defendants." (Doc. #3, p. 5.) Plaintiff contends that the defense is a "mere denial" of "Plaintiff's suffered damages." (Doc. #4, p. 3.)

As this Court has recently stated,

> Lack of standing is not an affirmative defense, but rather is a matter implicating the court's subject matter jurisdiction over an action. Nat'l Parks Conservation Ass'n v. Norton, 324 F.3d 1229, 1242 (11th Cir. 2003). Nonetheless, because standing "must be addressed as a threshold matter," id., the Court resolves the dispute now. See Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 255 (1994) ("Standing represents a jurisdictional requirement which remains open to review at all stages of the litigation.") (citation omitted)).

> The Supreme Court has made clear that Article III does indeed require a plaintiff alleging violations of a consumer protection statute, such as the TCPA, to have suffered an injury in fact in order to have standing to pursue such claim. Spokeo, Inc. v. Robbins, 136 S. Ct. 1540, 1548 (2016). "To establish injury in fact, a

4

>     plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" <u>Id.</u> (quoting <u>Lujan v. Defs. of Wildlife</u>, 504 U.S. 555, 560 (1992)). "[A] bare procedural violation, divorced from any concrete harm, [will not] satisfy the injury-in-fact requirement of Article III." <u>Id.</u> at 1549.

<u>Williamceau v. Dyck-O'Neal, Inc.</u>, No: 2:16-cv-855-FtM-29CM, 2017 WL 2544872, *2 (M.D. Fla. June 13, 2017).

A mere procedural violation of the TCPA or FCCPA, is not what is alleged here. Plaintiff asserts that defendant used an automated voice system to place numerous calls to plaintiff's cell phone in violation of the TCPA (Doc. #2, ¶¶ 14, 19), and contacted plaintiff multiple times in violation of the FCCPA (<u>Id.</u>, ¶¶ 27, 34, 41.) These Acts create "'cognizable' substantive rights." See <u>Williamceau</u>, 2017 WL 2544872 at *2 (citing <u>Florence Endocrine Clinic, PLLC v. Arriva Med., LLC</u>, 858 F.3d 1362, 1366 (11th Cir. 2017)). "Since 'a violation of the TCPA is [itself] a concrete, <u>de facto</u> injury...[a] plaintiff alleging a violation under the TCPA need not allege an additional harm beyond' unsolicited calls to the plaintiff." <u>Williamceau</u>, 2017 WL 2544872 at *2 (quoting <u>Van Patten v. Vertical Fitness Group, LLC</u>, 847 F.3d 1037, 1043 (9th Cir. 2017)). Plaintiff has alleged statutory violations that, taken as true, would entitle him to relief. Therefore, the Court grants plaintiff's request to strike the first affirmative defense.

### B. Second Affirmative Defense (Bona Fide Error)

The second affirmative defense recites Fla. Stat. § 559.77(3), stating: "any violation of state law was unintentional and the result of a bona fide error, notwithstanding reasonable procedures in place to prevent such errors." (Doc. #3, p. 5.) Coemnity Bank's Answer simply parrots the "bona fide error" language of 15 U.S.C. § 1692k(c). "Such a defense, which does not provide any information connecting it to plaintiff's claims, is precisely the type of bare-bones conclusory allegation" that is insufficient under Rule 8(c). Bartholomew v. Pollack & Rosen, P.A., No. 2:15-CV-135-FTM-29, 2015 WL 3852944, at *2 (M.D. Fla. June 22, 2015) (striking boilerplate bona fide error defense); Schmidt v. Synergentic Commc'ns, Inc., No. 2:14-CV-539-FTM-29CM, 2015 WL 997828, at *2 (M.D. Fla. Mar. 5, 2015) (same). Therefore, the affirmative defense will be stricken, with leave to amend.

### C. Third Affirmative Defense (Set-Off)

Defendant's third affirmative defense alleges "entitle[ment] to a set-off from any recovery made by the Plaintiff of the debt(s) which the Debtor/Plaintiff has admitted is owed to Defendant." (Doc. #3, p. 5.) Plaintiff claims that defendant's third affirmative defense is due to be stricken because allowing a creditor who has violated the FCCPA to receive a set off "has been consistently rejected by courts a[s] contravening the very purpose of consumer protection statutes like the FCCPA . . . ." (Doc. #4, p. 6.) In

support, plaintiff cites In re Runyan, 530 B.R. 801 (M.D. Fla. 2015) and Brook v. Chase Bank USA, N.A., 566 F. App'x 787 (11th Cir. 2014).

In Runyan, the bankruptcy court held that based on the statutory intention of the FCCPA, a set off of debt by statutorily-awarded damages was impermissible because it would undermine the goal of the consumer protection statute. 530 B.R. at 808-09. The court reasoned that merely reducing the amount of debt violating creditors will be able to recover precludes the statute's intended deterrent effect on unlawful debt collection practices. Id. In Brook, the Eleventh Circuit found that it was within the bankruptcy court's sound discretion to refuse to reduce statutory damages and attorney's fees awarded under the FCCPA by the amount of debt owed because it would undermine the purpose of the FCCPA. 566 F. App'x 787. The Eleventh Circuit has not reached the specific question of whether set off is a proper affirmative defense in FDCPA and FCCPA cases.

The Court will allow the affirmative defense to proceed at this point but does not reach a decision on whether defendant will be allowed to assert the affirmative defense during the trial of this matter. Nevertheless, defendant has pled no facts to support its boilerplate allegations of set off. Thus, defendant's third affirmative defense will be stricken, with leave to amend.

    **D.    Fourth Affirmative Defense (Arbitration)**

The fourth affirmative defense states, in its entirety: "Defendant asserts that Plaintiff's claims may be subject to a

7

mandatory arbitration provision[.]" (Doc. #3, p. 5.)  This is not a proper affirmative defense but is more akin to a denial of plaintiff's right to proceed with the litigation of this case.  Defendant's fourth affirmative defense is therefore stricken.  See Wright v. Southland Corp., 187 F.3d 1287, 1303 (11th Cir. 1999) ("An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence.").

**E.    Fifth Affirmative Defense (Impact Rule)**

Defendant's fifth affirmative defense states: "Plaintiff's claims for non-economic damages are barred by the impact rule as Plaintiff has not alleged any physical impact or injury." (Doc. #3, p. 5.)  Plaintiff argues that the affirmative defense should be stricken because it is a mere denial of the allegations that plaintiff suffered actual damages.  The Court agrees and will strike it as a denial.

**F.    Sixth Affirmative Defense (Jury Trial Waiver)**

Defendant's sixth affirmative defense states "that Plaintiff's claims are subject to a jury trial wavier contained in the credit agreement(s) binding upon the parties." (Doc. #3, p. 6.) The Court agrees with plaintiff that this does not assert any avoidance of liability and therefore not a proper affirmative defense.  Accordingly, defendant's sixth affirmative will be stricken.

### G. Seventh Affirmative Defense (Consent)

Defendant's seventh affirmative defense alleges "that Plaintiff provided his/her prior express consent to be called on his/her cellular telephone." Plaintiff asserts that "any perceived consent was revoked by written letters . . . ." (Doc. #4, p. 9.) Although this may be true, "[e]xpress consent is not an element of a plaintiff's prima facie case [under the TCPA] but is an affirmative defense for which the defendant bears the burden of proof." Williamceau, 2017 WL 2544872, at *3 (quoting Van Patten, 847 F.3d at 1044). Nevertheless, defendant has pled no facts to support its boilerplate allegation of prior express consent. (Doc. #3, p. 6.) Thus, defendant's seventh affirmative defense will be stricken, with leave to amend.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Strike Defendant's Affirmative Defenses is **GRANTED** and defendant's affirmative defenses (Doc. #3) are stricken with leave to amend affirmative defenses two, three, and seven within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE and ORDERED** at Fort Myers, Florida, this  31st  day of July, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of Record