UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES WHELPLEY, individually and on behalf of A.W., a minor,

    Plaintiff,                             Case No.: 2:18-cv-00433-UA-MRM

v.

COMENITY BANK aka COMENITY CAPITAL BANK,

    Defendant.
_____/

## AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL

COME NOW the Plaintiffs, JAMES WHELPLEY, individually and on behalf of A.W., a minor (hereinafter collectively referred to as "Plaintiffs"), by and through undersigned counsel, and hereby file this Amended Complaint against the Defendant, COMENITY CAPITAL BANK (hereinafter referred to as "Comenity" or "Defendant") for damages and allege in support thereof:

### JURISDICTION

1. This is an action for damages in an amount greater than $15,000.00, and for injunctive relief.

2. This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55, *et seq*. with respect to Plaintiffs.

3. Venue is proper here because the acts and transactions occurred here and Defendant transacts business here.

## PARTIES

4. Plaintiff, James Whelpley (hereinafter referred to as "Mr. Whelpley"), is a natural person who resides in the Lee County, Florida. Mr. Whelpley is parent and natural guardian of A.W., a minor.

5. Plaintiff, A.W. (hereinafter referred to as "A.W."), is a natural person who resides in Lee County, Florida.

6. Defendant, Comenity Capital Bank, is a national banking association operating from a primary address of 2795 East Cottonwood Parkway, Suite 100, Salt Lake City, UT 84121, and is a "creditor" as that term is defined by Fla. Stat. § 559.55(5).

## FACTUAL ALLEGATIONS

7. In or around June 2017, A.W. allegedly incurred a debt to Defendant in connection with tuition for attendance at Sylvan Learning Center (hereinafter referred to as the "Debt"), which provides personal tutoring and education to children in grades K through 12.

8. Mr. Whelpley made timely payments on the Debt every month until September 2017, when Defendant offered him a temporary payment forbearance as an accommodation for the hardships created by Hurricane Irma.

9. Mr. Whelpley did not request a forbearance or any other payment accommodation from Defendant. However, when Defendant offered the temporary payment forbearance, Mr. Whelpley accepted it.

10. Mr. Whelpley was informed that the forbearance would allow him to skip the October *and* November 2017 payments on the Debt, and to resume regular monthly payments in December 2017, without incurring any penalties, and that the loan repayment term would simply be extended to accommodate the skipped payments.

11. Defendant sent a regular monthly billing statement dated September 23, 2017, which indicated that no payment was due for the month of October. *See* **Exhibit "A"** attached hereto.

12. However, despite the forbearance, Defendant sent a billing statement dated October 24, 2017, which demanded payment due by November 19, 2017. *See* **Exhibit "B"** attached hereto.

13. Further, in November 2018, Defendant sent a billing statement dated November 23, 2017, which improperly demanded two months' worth of payments immediately, despite the forbearance. *See* **Exhibit "C"** attached hereto.

14. In October 2017, Defendant also began placing calls to Mr. Whelpley's cellular telephone in an attempt to collect the Debt.

15. Defendant's representatives always asked for A.W. when calling, despite the facts that (1) the telephone number called by Defendant was Mr. Whelpley's personal cellular telephone; (2) A.W. did not sign any agreement to be responsible for the Debt, and was not otherwise legally responsible for paying the Debt; and (3) A.W. is a nine-year-old girl, which was consistently conveyed to Defendant's representatives during the telephone calls.

16. Additionally, all billing correspondence from Defendant was addressed to A.W., despite the fact that A.W. did not sign any agreement to be responsible for the Debt, was not otherwise legally responsible for paying the Debt, and was, in fact, a minor.

17. During one of the above-referenced collection phone calls, Defendant's representative indicated that three months' worth of payments were due immediately on the Debt. Plaintiff disputed this, citing the forbearance, and specifically refused to charge his account.

18. The above-detailed conduct by Defendant, taken in an attempt to collect the Debt, violated the FCCPA.

19. Plaintiffs have been severely agitated, annoyed, traumatized, humiliated, embarrassed, emotionally damaged and has otherwise been unduly inconvenienced by the actions of the Defendant.

## COUNT I
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
Fla. Stat. § 559.72(7)

20. Plaintiffs incorporate by reference paragraphs 1 through 19 of this Complaint as though fully stated herein.

21. The foregoing acts and omissions of Defendant constitute violations of the Florida Consumer Collection Practices Act.

22. Under the provisions of Fla. Stat. § 559.72(7), Defendant was and is prohibited from willfully engaging in any conduct that can reasonably be expected to harass or abuse the debtor or any member of the debtor's family.

23. Defendant violated Fla. Stat. § 559.72(7) by calling A.W., a minor, in an attempt to collect the Debt, which conduct could reasonably be expected to harass or abuse both Mr. Whelpley and A.W.

24. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

25. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees

and costs pursuant to Fla. Stat. § 559.77 from Defendant.

26. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs hereby reserve the right to amend this Complaint to include a demand for punitive damages.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
Fla. Stat. § 559.72(9)

27. Plaintiffs incorporate by reference paragraphs 1 through 19 of this Complaint as though fully stated herein.

28. The foregoing acts and omissions of Defendant constitute violations of the Florida Consumer Collection Practices Act.

29. Under the provisions of Fla. Stat. § 559.72(9), Defendant was and is prohibited from asserting a legal right known not to exist in connection with the collection of a debt.

30. Defendant violated Fla. Stat. § 559.72(9) by asserting a legal right to charge Mr. Whelpley for three months' worth of payments in November 2017, when Defendant knew that (1) it had no right to do so because of the forbearance, and (2) it did not have permission to do so.

31. As a direct and proximate result of Defendant's actions in violation of said statute, the Plaintiffs have suffered statutory and actual damages, including but not limited to, mental and emotional suffering, fright, anguish, shock, nervousness, anxiety, humiliation and depression.

32. As a result of Defendant's violations of the FCCPA, Plaintiffs are entitled to actual damages, statutory damages in an amount up to $1,000.00, and reasonable attorney's fees and costs pursuant to Fla. Stat. § 559.77 from Defendant.

33. Additionally, Fla. Stat. § 559.77 provides that a court may award punitive damages as well as equitable relief to Plaintiffs such as enjoining further illegal collection activity. Plaintiffs hereby reserve the right to amend this Complaint to include a demand for punitive damages.

## TRIAL BY JURY

34. Plaintiffs are entitled to and hereby respectfully demand a trial by jury on all issues so triable.

**WHEREFORE**, the Plaintiffs, JAMES WHELPLEY, individually and on behalf of A.W., a minor, having set forth their claims for relief against the Defendant, COMENITY CAPITAL BANK, respectfully pray of the Court as follows:

A. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of actual damages pursuant to Fla. Stat. § 559.77;

B. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of statutory damages pursuant to Fla. Stat. § 559.77;

C. That the Plaintiffs have and recover against the Defendant a sum to be determined by the Court in the form of attorneys' fees and costs pursuant to and Fla. Stat. § 559.77;

D. That the Defendant be enjoined from engaging in further improper conduct; and

E. That the Plaintiffs have such other and further relief as the Court may deem just and proper.

Dated: <u>August 12, 2019</u>                    *Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group Plaza
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax

*Respectfully submitted,*

**THE DELLUTRI LAW GROUP, P.A.**
The Dellutri Law Group
1436 Royal Palm Square Blvd.
Fort Myers, FL  33919
(239) 939-0900
(239) 939-0588 – Fax
www.DellutriLawGroup.com
*Attorneys for Plaintiff*

By:  */s/ Joseph C. LoTempio*
     Joseph C. LoTempio, Esq.
     Fla. Bar No. 0086097
     jlotempio@dellutrilawgroup.com

*Attorneys for Plaintiffs*

By:  Joseph C. LoTempio
     Joseph C. LoTempio, Esq.
     Fla. Bar No. 0086097
     jlotempio@dellutrilawgroup.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 12, 2019, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system and the following parties received electronic notification through the CM/ECF system:

Dale T. Golden, Esq.
Charles J. McHale, Esq.
Golden Scaz Gagain, PLLC
201 North Armenia Avenue
Tampa, FL 33609-2303
dgolden@gsgfirm.com
cmchale@gsgfirm.com
***Counsel for Defendant***